## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COLORADO WILD PUBLIC LANDS, | ) | |
| 23272 Two Rivers Road V | ) | |
| Basalt, CO 81621 | ) | Case No. 25-cv-540 |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| v. | ) | **DECLARATORY AND** |
| | ) | **INJUNCTIVE RELIEF** |
| U.S. FOREST SERVICE | ) | |
| 201 14th St, SW | ) | |
| Washington, D.C. 20024 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

1.      Defendant the United States Forest Service ("Forest Service" or "Agency") has violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") by withholding responsive agency records by unlawfully failing to timely issue determinations in response to a written request for records by Plaintiff, Colorado Wild Public Lands pertaining to the Willow Creek Land Exchange, by failing to issue estimated dates of completion for the requests, by failing to conduct an adequate search for responsive records,  by failing to justify use of specific FOIA Exemption(s), , and by implementing an unlawful policy of denying public access to land exchange appraisal information.

2.      This lawsuit requests an order declaring that Defendant has violated FOIA, directing Defendant to issue a final determination, enjoining Defendant from withholding responsive agency records that are not subject to one of FOIA's nine exemptions, and directing Defendant to provide Plaintiff with the records it has requested. *See* Ex. 1-4 ("FOIA Requests). This lawsuit further requests equitable relief as is required to remedy ongoing and recurring violations and to compel the Forest Service to "bring its policies into compliance with FOIA, as

1

interpreted" by this Court in *Colo. Wild Pub. Lands v. United States Forest Serv.*, 691 F. Supp. 3d 149, 174 (D.D.C. 2023) (related case 21-cv-2802-CRC is pending before Honorable Judge Cooper).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

4.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5.      Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

6.      Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with its National Offices located in Washington, D.C.

7.      This Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations and agency policies that violate FOIA.

8.      This Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

9.      In addition to jurisdiction to compel agency FOIA compliance and to compel release of agency records withheld due to FOIA violations, this Court has statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to

2

remedy an agency's conduct involving potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

10.    "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

11.    All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

## PARTIES

12.    Plaintiff COLORADO WILD PUBLIC LANDS, founded in 2014, is a non-profit organization headquartered in Basalt, Colorado with members distributed throughout the state of Colorado. Plaintiff's organizational mission is to protect the integrity of Colorado's public lands by advocating for transparency and public engagement in federal land exchanges. Plaintiff monitors land exchanges to ensure compliance with applicable laws and regulations and to ensure that the public interest is represented throughout the process. Information provided by appraisals of the subject properties are an important element of Plaintiff's review of proposed land exchanges.

13.    Plaintiff regularly submits public records requests to obtain information about federal land exchanges including to ascertain benefits and detriments to public user groups, potential disparities in appraised real estate values used to evaluate exchanges, cumulative impacts on ecological communities, and conservation objectives of proposals. Plaintiff uses this information to educate the public regarding impacts on communities and ecosystems. This information is critical to meaningfully review and comment on proposals throughout the NEPA process.  Plaintiff plans to continue submitting FOIA requests to gain information regarding proposed land exchanges.

3

14.     Plaintiff and its members derive benefits from agencies' compliance with FOIA and from its receipt of public records.

15.     Defendant U.S. FOREST SERVICE ("USFS") is a federal agency within the United States Department of Agriculture. Defendant is in possession and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA requests to it.

16.     The interests and organizational purposes of Plaintiff are directly and irreparably injured by Defendant's violations of law as described in this complaint.

17.     Defendant's violations of law have denied Plaintiff the information to which it is entitled, thereby preventing Plaintiff from fulfilling its organizational mission and objectives, including from ensuring compliance with applicable statutes and regulations throughout the land exchange process, as well as meaningfully engaging its members, supporters, and the general public regarding the Willow Creek Land Exchange. Without strict judicial enforcement and penalties against employees who defy court orders, the Forest Service will continue its pattern, practice, and policy of unlawfully withholding land exchange information that Plaintiff plans to seek by filing additional FOIA requests.

18.     Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.

## STATUTORY FRAMEWORK

19.     FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

20.     Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

21.     Failure to provide a timely determination in response to a FOIA request is a violation of FOIA.

22.     FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

23.     FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications identified during the search that suggest other records might be located outside the scope of its original search. Federal courts measure FOIA compliance by the information known at the completion of the agency search(es).

24.     In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, so long as the information fits within nine categories of exemptions. 5 U.S.C. § 552(b). These exemptions are narrowly construed in light of FOIA's dominant objective of disclosure.

25.     Under FOIA, federal agencies bear the burden of proving that withholding of information in responsive agency records is proper. 5 U.S.C. § 552(a)(4)(B).

26.     In 2016, Congress responded to concerns that agencies overuse these exemptions by imposing an additional, independent, and meaningful burden that now requires an agency showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

27.     FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

28.     When an agency fails to respond to a FOIA request within the statutory timeframe, it has constructively denied the request. Requestors are then deemed to have exhausted any administrative remedies and may seek judicial relief. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

29.     If an agency determines that it will deny a FOIA request in whole or in part, the requester is entitled to administratively appeal the determination. 5 U.S.C. § 552(a)(6)(A)(ii).

30.     The Forest Service does not have its own FOIA regulations, and is subject to the United States Department of Agriculture regulations requiring among other things, that administrative appeals to be filed within 90 calendar days. 7 C.F.R. § 1.9.

31.     FOIA requires agencies to make a determination with respect to an appeal within 20 working days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). On appeal, if the agency upholds the denial of the request for records in whole or in part, the agency "shall notify the person making such request of the provisions for judicial review of that determination." *Id*.

If the agency fails to make a determination on the appeal within 20 days, all administrative remedies are deemed constructively exhausted, and a requestor may seek *de novo* judicial review of the agency's FOIA compliance. 5 U.S.C. 552(a)(6)(C)(i).

32.     Pursuant to FOIA, this Court may assess attorney fees and litigation costs against Defendant if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

33.     FOIA provides statutory authority to refer this matter to the Special Counsel to investigate and make binding recommendations to remedy an agency's conduct and policies based

on potentially arbitrary and capricious circumstances surrounding the withholding of agency records. 5 U.S.C. § 552(a)(4)(F).

34.     "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member." 5 U.S.C. § 552(a)(4)(G).

35.     In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

## STATEMENT OF FACTS

36.     Relevant to this case, the Willow Creek Land Exchange would exchange one federal parcel of approximately 5.5 acres, located near the base of Mary Jane Ski Area in the Sulphur Ranger District of the Arapahoe National Forest for one private parcel of approximately 50.2 acres, located on Highway 125, approximately 25 miles northwest of Granby, Colorado in Grand County, Colorado.

37.     Plaintiff has been closely monitoring the Willow Creek Land Exchange since early 2022, when the Forest Service issued its first scoping letter. The proposed exchange is designed to privatize federal lands so as to facilitate valuable residential and commercial development at the base of the Mary Jane/Winter Park ski area. The land the United States would acquire is approximately 40 miles away and is much less valuable from an economic development perspective. Given the discrepancy between the presumed per-acre values of the parcels to be exchanged, the appraisals of these lands are of paramount importance to ensure that the public receives fair value in the exchange as required by law.

*Plaintiff's Multiple Requests for Appraisal Information Records*

38.     On March 2, 2022, Plaintiff submitted its first written request for records associated with the Willow Creek Land Exchange, including for appraisal and valuation records for the parcels to be exchanged, which the agency assigned tracking number 2022-FS-R2-02435-F. Ex. 1 ("March 2, 2022 FOIA Request). The agency made an initial release of records pursuant to the March 2, 2022 FOIA Request on March 25, 2022 and a final release of records on June 8, 2022, but neither the initial release nor the final release included any appraisal or valuation records for the parcels proposed for exchange, all of which are agency records subject to FOIA.

39.     On December 5, 2023 Plaintiff submitted a second written request for records associated with the Willow Creek Land Exchange, including for appraisal and valuation records for the parcels to be exchanged. The agency assigned tracking number 2024-FS-R2-02011-F to the request. Ex. 2 (December 5, 2023 FOIA Request). The agency responded to Plaintiff on December 14, 2023 denying Plaintiff's request for expedited processing and asserting that Plaintiff's request for "any preliminary reports or information associated with the valuation of the Federal and Non-Federal Parcels" was "unreasonably broad and or insufficiently described to conduct a reasonable search." On February 6, 2024, the agency released 8 files containing 39 pages in full, while stating that "12 files are being referred to RM Regional Office for Release Determination." On April 9, 2024, the agency sent Plaintiff a final release of documents but did not release any appraisal or valuation records for the parcels proposed for exchange.

40.     On March 3, 2024, the Forest Supervisor of the Arapaho and Roosevelt National Forests released the Willow Creek Land Exchange Final Environmental Analysis, Draft Decision Notice, and Draft Finding of No Significant Impact, proposing to authorize the exchange.

41.     On April 8, 2024, Plaintiff filed a third written FOIA request for several categories of records associated with the Willow Creek Land Exchange, including, 1) "Any and all preliminary reports or correspondence providing opinions or estimates from USFS staff, the

8

proponents, or their agents regarding the valuation of the Federal and Non-Federal parcels that have been considered for inclusion in the Willow Creek Land Exchange;" 2) "Appraisals for the Federal and Non-Federal Parcels in the Willow Creek Land Exchange;" 3) "TMII Development LLC. November 11, 2022. Land Exchange Proposal Amendment No.1 Willow Creek Land Exchange. Prepared by Western Land Group;" 4) "Town of Winter Park. February 6, 2018. Letter of support submitted to MS. Patricia Hesch, Forest Service Land Adjustment Program Manager;" 5) "USDA Forest Service, October, 2023. Willow Creek Land Exchange Agreement to Initiate Amendment No. 2;" 6) "The Valuation Consultation for the Willow Creek Land Exchange;" and 7) "The Binding Land Exchange Agreement for the Willow Creek Land Exchange, or if it has not been completed, any agency preliminary drafts directing the drafting of this binding agreement." Ex. 3 (April 8, 2024 FOIA Request).

42.    The agency responded to Plaintiff on April 19, 2024, acknowledging receipt of the April 8, 2024 FOIA Request, assigning the Request tacking number 2024-FS-R2-04126-F, and informing Plaintiff that the agency would need additional time to process the Request. The agency followed up with an email on June 5, 2024 containing a formal response letter and the agency's "first interim response" containing a portion of the requested records, but did not release the Appraisals or any of the other aforementioned categories of records requested. In the letter the agency explained that "[t]he Forest Service is continuing to review additional responsive records to this request and will make them available in supplemental releases." To date, no final determination for the April 8, 2024 FOIA Request has been made.

43.    On April 15, 2024, despite the agency's failure to provide access to the Appraisals, and in order to meet the agency's deadline for submitting formal Objections, Plaintiff submitted formal Objections to the Willow Creek Land Exchange Final Environmental Analysis, Draft Decision Notice, and Draft Finding of No Significant Impact. The Objections included discussion

of the unavailability of the Appraisals and the lack of transparency related to the valuations of the parcels to be exchanged. This lack of information formed the basis of objections related to the inability of affected parties, including Plaintiff, to evaluate the agency's valuation appraisals for the parcels despite the legal requirement under the Federal Land Policy and Management Act (FLPMA) that the exchange may only be for parcels of equal value. 43 U.S.C. § 1716(b).

44.     Plaintiff has a particular interest in the appraisals and related documents for the Willow Creek Land Exchange because such records provide information regarding parcel configuration and are central to both the Equal Value Determination and the Public Interest Determination. 43 U.S.C. § 1716(a), (b). The agency must be able to demonstrate equal value in the lands being exchanged. Without such documents, Plaintiff and the public cannot meaningfully comment on the assessment of equal value, and consequently, the public interest.

45.     On June 7, 2024, the Forest Service held an Objection Resolution Meeting with Plaintiff to discuss Plaintiff's Objections regarding the Willow Creek Land Exchange timely filed with the agency on April 15, 2024. Plaintiff reiterated to the Forest Service the problems with the agency's lack of transparency in, and access to, the Appraisal information.

46.     On July 2, 2024, the Forest Service issued a Response to Plaintiff's formal Objections to the Willow Creek Land Exchange Final Environmental Analysis, Draft Decision Notice, and Draft Finding of No Significant Impact, signed by Scott Fitzwilliams, Acting Deputy Regional Forester. The Response contained several instructions for the Responsible Official to be addressed "before a final decision is to be signed" which included an instruction "to ensure all appraisals and associated documentation for the parcels considered in the Willow Creek Land Exchange are completed, reviewed, and approved for agency use prior to signing the final decision." The Response did not address the lack of transparency or public availability of any of the appraisal or land value information for parcels approved to be exchanged.

10

47.    On July 9, 2024 after Plaintiff's receipt of the agency's Response to Plaintiff's Objections to the Willow Creek Land Exchange Final Environmental Analysis, Draft Decision Notice, and Draft Finding of No Significant Impact, Plaintiff contacted the agency by email to inquire as to the status of the Appraisals.

48.    On July 10, 2024, Forest Service Sulphur Ranger District staff responded by email to Plaintiff's July 9, 2024 email stating that agency staff received the Appraisal Review Report on June 17, 2024.

49.    On October 31, 2024, Plaintiff submitted a fourth written request for records to the Forest Service, including, among other categories of records: 1) "Appraisals for the Federal and Non-Federal Parcels in the Willow Creek Land Exchange received by USFS;" 2) "Any and all preliminary reports or correspondence between USFS staff, appraiser, contractors, the proponents, or their agents providing opinions or estimates regarding the appraisal or land values of the Federal and Non-Federal parcels included in the Willow Creek Land Exchange;" 3) "Any correspondence, emails, or documents that advocate for or direct the release of the Environmental Assessment, Decision Notice, or FONSI for the Willow Creek Land Exchange without prior review and release of the property appraisals;" 4) "Any Draft or Final version of a Binding Land Exchange Agreement for the Willow Creek Land Exchange;" 5) "Any correspondence dated after June 30 of 2023 between Agency staff and the proponent or its agents directing or outlining details associated with drafting the Binding Exchange Agreement." (Ex. 4, "October 31, 2024 FOIA Request").

50.    The agency responded to Plaintiff by letter on November 1, 2024, acknowledging receipt of the October 31, 2024 FOIA Request and assigning the Request as 2025-FS-R2-01398-F, denying Plaintiff's request for expedited treatment of the Request, but providing no records in response to the Request. On December 17, 2024, the agency provided an initial interim Response, which included 58 documents responsive to the Request, and informing Plaintiff that the agency

was forwarding 9 responsive documents to the Forest Service Regional Office for a "release determination review." Of the 58 documents released by the agency in its December 17, 2024 first interim response, no records were released related to the aforementioned categories of documents, including any Appraisals for the lands approved by the agency for exchange through the Willow Creek Land Exchange. To date, no final determination for the October 31, 2024 FOIA Request has been made and the Appraisal documents, all of which are agency records, have not been released.

51.     Plaintiff has repeatedly requested, and has definite plans to continue to request, property value information created or obtained by the Forest Service and other federal agencies when scrutinizing federal land exchanges. Plaintiff has been denied prompt access, based on agency policies that direct personnel to withhold information regarding property values and Appraisals until after the NEPA process is complete, after administrative review is complete, and after final agency action is taken on a land exchange.  All valuation information was created with the intention of sharing the agency records with non-federal persons early in the land exchange and NEPA processes. The U.S. Forest Service has an unlawful policy of only sharing the valuation information with persons advocating for the land exchange, and denying access to Plaintiff and similarly situated persons. Plaintiff has been denied access to appraisals for federal land exchanges on multiple occasions.

### *Forest Service's Unlawful and Deficient Responses*

52.     The Forest Service did not design nor conduct a reasonable search that would identify all agency records responsive to FOIA requests 2022-FS-R2-02435-F, 2024-FS-R2-02011-F, 2024-FS-R2-04126-F, and 2025-FS-R2-01398-F.

53.     The Forest Service determinations provided Plaintiff with no information regarding the searches it conducted.

54.    The Forest Service improperly and unlawfully withheld records responsive to FOIA requests 2022-FS-R2-02435-F, 2024-FS-R2-02011-F, 2024-FS-R2-04126-F, and 2025-FS-R2-01398-F.

A privilege log or similar justification for each withholding was not provided with the agency's withholding determinations.  On information and belief based on agency practices, the Forest Service did not prepare or maintain a privilege log, *Vaughn* index, or otherwise contemporaneously document its finding when making its withholding determinations.

55.    The statutory deadlines for the Forest Service to make a final determination and produce documents responsive to all of Plaintiff's FOIA Requests have expired.

56.    Unless subject to one of the nine enumerated FOIA exemptions, the Forest Service has no lawful basis under FOIA for delaying access to information involving land exchange proposals and has provided no lawful basis to withhold or redact the records Plaintiff requested.

57.    All administrative remedies with respect to claims related to its FOIA requests have been exhausted by the Forest Service failure to provide a timely determination to the FOIA Requests. 5 U.S.C. § 552(a)(6)(C)(i).

58.    The Forest Service regularly delays its FOIA determinations as a means to improperly withhold prompt access to agency records that are not subject to an enumerated exemption.

59.    The statutory relief requested in this lawsuit is required to compel Defendant to promptly provide access to all records responsive to Plaintiff's FOIA requests 2022-FS-R2-02435-F, 2024-FS-R2-02011-F, 2024-FS-R2-04126-F, and 2025-FS-R2-01398-F that would not cause identifiable harm to a legitimate interest protected by an enumerated FOIA exemption. 5 U.S.C. §§ 552(b)(1-9), 552(a)(8)(A)(i)(I).

13

60.    Equitable relief and punitive relief requested in this lawsuit is necessary to ensure Defendant and its employees faithfully adhere to FOIA's public access presumptions, and abandon unlawfully policies that have been directly addressed by this Court.

61.    Plaintiff has been required to expend costs and obtain the services of attorneys to initiate legal action.

## FIRST CLAIM FOR RELIEF

**Violation of FOIA: Unlawfully Withholding Agency Records Responsive to FOIA request with regard to Land Exchange Appraisals**

62.    Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

63.    Plaintiff properly requested records within the possession, custody, and control of Defendant.

64.    Defendant USFS is an "agency" subject to FOIA (5 U.S.C. § 552(a)) and therefore must make reasonable efforts to search for requested records upon a written request. 5 U.S.C. § 552(f)(1).

65.    Defendant violated FOIA and unlawfully withheld agency records by failing to produce the requested records within the statutory period. 5 U.S.C. § 552(a)(6)(A)(i).

66.    Defendant has not communicated to Plaintiff the scope of the documents they intend to produce and withhold in response to the FOIA Requests or its reasons for withholding any documents and has not disclosed to Plaintiff all records responsive to the FOIA Requests.

67.    Defendant continues to violate FOIA by failing to conduct and document a lawful search for responsive records, which is a condition precedent to a lawful determination. On information and belief, responsive agency records have been withheld due to an unlawfully narrow search. 5 U.S.C. §§ 552(a)(3)(B)-(C).

14

68.     Defendant violated FOIA by illegally withholding agency records that are responsive to the FOIA Request, but which Defendant has not demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b). FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records.

69.     Plaintiff has a statutory right to the records it seeks, and there is no legal basis for Defendant to withhold the records requested. *See* 5 U.S.C. § 552(b).

70.     Defendant continues to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

71.     Defendant continues to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. § 552(a)(8)(A), (b).

72.     Plaintiff is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

73.     At such time as appropriate, Plaintiff anticipates requesting entry of judicial findings confirming that the circumstances raise questions as to the arbitrary and capricious conduct of agency personnel in processing this FOIA Request and referral to Special Counsel for further investigation and remedy of the arbitrary and capricious conduct. 5 U.S.C. § 552(a)(4)(F).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA: Ongoing Pattern of Unlawfully Withholding Agency Records based on Policies and Practices that Violate FOIA**

74.     Plaintiff realleges and incorporates by reference all allegations in all paragraphs of this Complaint.

75.     Defendant violated FOIA by illegally withholding agency records involving land exchange valuations that are responsive to the FOIA Request, but which Defendant has not

demonstrated are subject to any FOIA withholding provision. 5 U.S.C. § 552(b). FOIA's enumerated Exemptions provide the exclusive basis for an agency to withhold agency records.

76.    Plaintiff has a statutory right to the records it seeks, and there is no legal basis for Defendant to withhold the records requested. See 5 U.S.C. § 552(b).

77.    Plaintiff seeks effective equitable remedies for its statutory right to promptly access all agency records involving proposed land exchange information, especially information provided to non-agency third parties such as Western Land Group, Inc..  Plaintiff's FOIA rights are being violated by agency policies and practices designed to avoid public disclosure of controversial land exchange information.

78.    Equitable relief is sought "to bring [Forest Service] policies into compliance with FOIA, as interpreted" by *Colo. Wild Pub. Lands v. United States Forest Serv.,* 691 F. Supp. 3d 149, 174 (D.D.C. 2023) (granting declaratory relief for unlawful policies and practices).  The Forest Service has not changed its policies or practices to conform with this Court's Order.  Indeed, the violations have continued unabated. Plaintiff requests an order invalidating the formal and informal policies and practices the Forest Service has used to shield agency records that document its land exchange activities from public scrutiny, including but not limited to those already addressed by this Court. *Id.*

79.    The agency employees responsible for violating Plaintiff's FOIA rights in the present case include agency employees with authority to bring Forest Service policies and practices into compliance with FOIA.

80.    Congress specifically included contempt as an available remedy for employee conduct in FOIA cases. 5 U.S.C. § 552(a)(4)(G) ("In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member.")

16

81.     Without equitable and/or statutory relief, the Forest Service will continue its unlawful policies and practices that deny Plaintiff's right to promptly access agency records involving land exchange proposals.

**REQUEST FOR RELIEF**

FOR THESE REASONS, Plaintiff respectfully requests that this Court enter judgment providing the following relief:

A.     Enter Findings and Declare that Defendant violated FOIA by unlawfully withholding agency records responsive to Plaintiff's FOIA Request;

B.     Enter Findings and Declare that Defendant violated its duty to comply with FOIA's statutory deadlines for resolving Plaintiff's FOIA Request;

C.     Direct by injunction that Defendant provide Plaintiff with a lawful determination on its FOIA Request by a date certain;

D.     Direct by order that Defendant conduct a lawful search for responsive records;

E.     Direct by order the Defendant provide proof that a lawful search was conducted with a cutoff date set as the date of such order;

F.     Direct by injunction that Defendants promptly provide all agency records responsive to Plaintiff's FOIA Request, and related written requests, that are not subject to withholding pursuant to one of the nine recognized FOIA exemptions;

G.     Direct by order that Defendants provide Plaintiff with a detailed statement justifying each withholding of an agency record, or portions thereof, in accordance with the indexing requirements of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

H.      Direct by order that Defendants provide Plaintiff with all responsive agency

records in the form and format specific in the request, by a date certain within twenty working days

of any such order;

I.      Invalidate, and enjoin the Forest Service from continuing to use, FOIA withholding

policies and practices that have been declared unlawful by this Court. *Colo. Wild Pub. Lands v.*

*United States Forest Serv.*, 691 F. Supp. 3d 149, 174 (D.D.C. 2023).

J.      Impose contempt penalties upon employees who violate this Court's FOIA orders.

5 U.S.C. § 552(a)(4)(G)

K.      Grant Plaintiff's cost of litigation, including reasonable attorney fees as provided

by FOIA, 5 U.S.C. § 552(a)(4)(E);

L.      Enter a finding that Defendants' conduct involves circumstances that raise

questions of whether the agency has unlawfully, arbitrarily, and/or capriciously withheld agency

records, and refer the matter for administrative investigation and remedy (5 U.S.C. § 552(a)(4)(F));

and,

M.      Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED February 24, 2025.


 /s/Travis Stills
Travis Stills, D. D.C. Bar # CO0101
Energy & Conservation Law
227 E. 14th St. #201
Durango, Colorado 81301
(970) 375-9231
stills@eclawoffice.org

/s/ Jeffrey C. Parsons
Jeffrey C. Parsons, Pro Hac Vice-applicant
Parsons Law Office
2205 W. 136th Ave., Ste. 106-311
Broomfield, CO 80023
jeff@parsonslawoffice.com

720-203-2871

*Attorneys for Plaintiff*